IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMUEL ELLISTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:06-CV-552 |
| | ) |
| **ILLINOIS CENTRAL RAILROAD** | ) |
| **COMPANY, d/b/a CN/IC,** | ) |
| a corporation; | ) |
| **AMERICAN ELECTRIC POWER** | ) |
| **SERVICE CORPORATION,** | ) |
| d/b/a **COOK COAL TERMINAL;** and | ) |
| **TRAK TECH, INC.,** | ) |
| | ) |
| Defendant | ) |

**COMPLAINT**
Federal Employers' Liability Act
**COUNT I**

COMES NOW the Plaintiff, **SAMUEL ELLISTON**, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC (hereinafter referred to as "CN/IC") states as follows:

1.      That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 <u>et. seq.</u>, and Title 28, Section 1331 as hereinafter more fully shown.

2.      That at all times mentioned herein, the Defendant, CN/IC was and is an Illinois corporation, doing business in the State of Illinois as a railroad, and controlled, operated, and maintained, in interstate commerce, and in transporting interstate commerce between various states, including the States of Illinois and Kentucky.

3. That at all times relevant herein, Samuel Elliston was and is a **citizen and resident of the City and State of Centralia, Illinois.**

4. That on or about December 31, 2005, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, Samuel Elliston was an employee of CN/IC, a corporation, and had been for several years prior thereto.

5. That at all times mentioned herein, all or part of the duties of the plaintiff as such an employee of CN/IC furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

6. That on or about the December 31, 2005, or on a date known more certainly to the Defendant, the Plaintiff was employed by the defendant as a locomotive engineer, and while in the performance of his duties as a locomotive engineer, was injured while working at the Cook Coal Terminal in Metropolis, Illinois.

7. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

　　(a)　Failed to furnish Plaintiff with a reasonably safe place in which to work;

　　(b)　Failed to provide Plaintiff with a stable and supportive work surface;

　　(c)　Failed to apply the ballast in Plaintiff's work area, in such a way as to maintain a stable work surface;

　　(d)　Failed to inspect its ballast for irregularities, lack of support, and potholes;

　　(e)　Failed to inspect, maintain, and repair the ballast of Plaintiff's work surfaces;

　　(f)　Failed to hire a sufficient number of employees to inspect, maintain, and repair its ballast; and

　　(g)　Allowed unsafe practices to become the common practice.

8. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently, violated Track Safety Standards 40 C.F.R. Section 213 et. al. promulgated by the Department of Transportation/Federal Rail Administration Office of Safety, and enacted for the safety of employees, in that Defendant committed one or more of the following acts, omissions, or violations to wit::

(a) Failed to inspect and maintain its tracks and roadbed;

(b) Failed to support its track by material which would transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

(c) Failed to support its track by material which would restrain the track laterally, longitudinally, and vertically, under dynamic load and pulls by railroad rolling equipment and thermal stress exerted by the rails;

(d) Failed to support its track by material which would provide adequate drainage for the tracks; and

(e) Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

(f) Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed in such a manner as to accommodate expected water flow for the area consumed;

(g) Failed to inspect its rails for defects;

(h) Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233; and

(i) Failed to conduct inspections of its track and roadbed following floods, severe storms, and washouts.

9. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff was injured while disembarking Defendant's locomotive onto ballast and work surfaces, causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to

the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; injuries to the left arm, shoulder, wrist, and hand; that he has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, SAMUEL ELLISTON, prays judgment against the Defendant, Illinois Central Railroad Company, d/b/a CN/IC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**

COMES NOW the Plaintiff, **SAMUEL ELLISTON**, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, AMERICAN ELECTRIC POWER SERVICE CORPORATION, d/b/a COOK COAL TERMINAL (hereinafter referred to as "COOK COAL") states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 <u>et. seq.</u>, and Title 28, Section 1331 against the Defendant, COOK COAL.

2. That this Court has supplemental jurisdiction over COOK COAL pursuant to 28 U.S.C. 1367.

3. That at all times relevant herein, the Defendant, COOK COAL was and is a foreign corporation, licensed to do business in the State of Illinois and at all times relevant herein, residing and engaged in doing business in Metropolis, Illinois.

4. That at all times relevant herein, Cook Coal, was in the business of the transportation and storage of coal.

5. That at all times relevant herein, the Plaintiff, SAMUEL ELLISTON, was and is a citizen and resident of the City and State of Centralia, Illinois, and was employed by the CN/IC as a locomotive engineer.

6. That on or about December 31, 2005, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, Samuel Elliston was an employee of CN/IC, a corporation, and was engaged in the loading and unloading of coal at Defendant's facility in Metropolis, Illinois.

7. That at all times relevant herein, the Plaintiff was upon Defendant's premises in order to further the business interest of the Defendant.

8. That at the above-stated time and place, and at all times relevant herein, the Defendant maintained tracks, ballast, and work surfaces for the use of the Plaintiff, and employees of the CN/IC.

9. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with a stable and supportive work surface;

    (c) Failed to apply the ballast in Plaintiff's work area, in such a way as to maintain a stable work surface;

    (d) Failed to inspect its ballast for irregularities, lack of support, and potholes;

    (e) Failed to inspect, maintain, and repair the ballast of Plaintiff's work surfaces;

    (f) Failed to hire a sufficient number of employees to inspect, maintain, and repair its ballast; and

    (g) Allowed unsafe practices to become the common practice.

10. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently, violated Track Safety Standards 40 C.F.R. Section 213 *et*. *al.* promulgated by the Department of Transportation/Federal Rail Administration Office of Safety, and enacted for the safety of employees, in that Defendant committed one or more of the following acts, omissions, or violations to wit::

    (a) Failed to inspect and maintain its tracks and roadbed;

    (b) Failed to support its track by material which would transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

    (c) Failed to support its track by material which would restrain the track laterally, longitudinally, and vertically, under dynamic load and pulls by railroad rolling equipment and thermal stress exerted by the rails;

    (d) Failed to support its track by material which would provide adequate drainage for the tracks; and

 (e) Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

 (f) Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed in such a manner as to accommodate expected water flow for the area consumed;

 (g) Failed to inspect its rails for defects;

 (h) Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233; and

 (i) Failed to conduct inspections of its track and roadbed following floods, severe storms, and washouts.

11. That at all times relevant herein, Plaintiff was free from contributory negligence.

12. That as a direct and proximate result, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff was injured while disembarking a locomotive engine, onto ballast and work surfaces, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; injuries to the left arm, shoulder, wrist, and hand; that he has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, SAMUEL ELLISTON, prays judgment against the Defendant, COOK COAL, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**

COMES NOW the Plaintiff, **SAMUEL ELLISTON**, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, **TRAK TECH, INC.** (hereinafter referred to as "TRAK TECH") states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 et. seq., and Title 28, Section 1331 against the Defendant, TRAK TECH.

2. That this Court has supplemental jurisdiction over TRAK TECH pursuant to 28 U.S.C. 1367.

3. That at all times relevant herein, the Defendant, TRAK TECH, was and is an Illinois corporation, doing business in the State of Illinois and engaged in the inspection, maintenance, repair, and replacement of railroad tracks, right-of-ways, ballast, and work surfaces.

4. That at all times relevant herein, the Plaintiff, SAMUEL ELLISTON, was and is a citizen and resident of the City and State of Centralia, Illinois, and was employed by the CN/IC as a locomotive engineer.

5. That on or about December 31, 2005, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, Samuel Elliston was employed by the CN/IC as a locomotive engineer, a corporation, and was engaged in the loading and unloading of coal at Cook Coal Terminal in Metropolis, Illinois.

6. That at the above-stated time and place, and at all times relevant herein, the Defendant maintained tracks, ballast, and work surfaces for the use of the Plaintiff, and employees of the CN/IC.

7. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with a stable and supportive work surface;

    (c) Failed to apply the ballast in Plaintiff's work area, in such a way as to maintain a stable work surface;

    (d) Failed to inspect its ballast for irregularities, lack of support, and potholes;

    (e) Failed to inspect, maintain, and repair the ballast of Plaintiff's work surfaces;

    (f) Failed to hire a sufficient number of employees to inspect, maintain, and repair its ballast; and

    (g) Allowed unsafe practices to become the common practice.

8. That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently, violated Track Safety Standards 40 C.F.R. Section 213 et. al. promulgated by the Department of Transportation/Federal Rail

Administration Office of Safety, and enacted for the safety of employees, in that Defendant committed one or more of the following acts, omissions, or violations to wit::

    (a)    Failed to inspect and maintain its tracks and roadbed;

    (b)    Failed to support its track by material which would transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

    (c)    Failed to support its track by material which would restrain the track laterally, longitudinally, and vertically, under dynamic load and pulls by railroad rolling equipment and thermal stress exerted by the rails;

    (d)    Failed to support its track by material which would provide adequate drainage for the tracks; and

    (e)    Failed to support its track with material which would maintain proper track cross level, surface, and alignment;

    (f)    Failed to maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed in such a manner as to accommodate expected water flow for the area consumed;

    (g)    Failed to inspect its rails for defects;

    (h)    Failed to inspect its track pursuant to 49 C.F.R. Sections 213.233; and

    (i)    Failed to conduct inspections of its track and roadbed following floods, severe storms, and washouts.

    9.    That at all times relevant herein, Plaintiff was free from contributory negligence.

    10.    That as a direct and proximate result, of one or more of the above and foregoing acts, omissions, or violations on the part of the Defendant, the Plaintiff was injured while disembarking a locomotive engine, onto ballast and work surfaces, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; injuries to the left arm, shoulder, wrist, and hand; that he has sustained pain and

suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; that he has sustained an aggravation of a pre-existing condition;

WHEREFORE, the Plaintiff, SAMUEL ELLISTON, prays judgment against the Defendant, TRAK TECH, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted by,

**KUJAWSKI & NOWAK, P.C.**

By: s/John P. Kujawski
    John P. Kujawski
    1331 Park Plaza Drive, Suite 2
    O'Fallon, Illinois  62269-1764
    (618-622-3600)
fax:  (618-622-3700)
**Attorneys for the Plaintiff**